IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT

MAR 2 8 2008

Margaret D. Edwards Flynn,

    Plaintiff,

vs.

                            08-cv-00186 MV/ACT
                    State Court Case No. D-0412-CV-2007-724

Cheryl Ann Yara, et al.,

    Defendants.

## EMERGENCY MOTION FOR DECISION ON SUMMARY REMAND

**COMES NOW,** plaintiff Edwards Flynn, *sui juris*, and without accepting jurisdiction of this Court, respectfully moves the Court for an Emergency Decision on Summary Remand to the state court from which removal was attempted, based upon the following:

1. Pursuant to D.N.M.LR-Civ. 7.4, plaintiff attempted to confer by telephone with counsel for defendants. Since attorney Christopher M. Grimmer was unavailable, plaintiff left a detailed message regarding her intention to file this motion on his voice mail. Attorney Michael W. Brennan was available and will oppose.

2. Plaintiff filed this action in state district court, demanded a trial by jury, paid a fee therefor and was granted the trial by jury. Defendants filed Notice of Removal to federal court, under Title 28 §§ 1441 and 1446. Defendants allege that plaintiff's invocation of jurisdiction, in part, under authority of Article III "gives this Court original jurisdiction over Plaintiff's cause of action, pursuant to 28 U.S.C. § 1331." Plaintiff disagrees with defendants' contention, in that she invoked the state court's jurisdiction under both the Constitution of the United States of America and that of New Mexico to claim her Rights

1

guaranteed therein and to ensure that those Rights would be upheld in state court. Plaintiff further invoked jurisdiction of the state court under various **state laws**, for violations thereof, which deprived her of Constitutional Rights and caused her additional injuries.

3. Thus, the issues at hand in her case are state issues, which lawfully should be determined by the state court, which has *concurrent jurisdiction* in Constitutional Rights matters, especially, regarding questions of state voting and election practices. The state district court is fully competent to hear any case over which no other tribunal has *exclusive* jurisdiction. United States federal courts have exclusive jurisdiction only over copyright and patent issues; therefore, state courts have authority to hear the vast majority of cases, such as this instant case, and plaintiff is confident that the laws of New Mexico are fully capable of providing the relief she seeks on the issues she brought before the Fourth Judicial District Court. Were the Court to deny remand, the Court would interfere with the jurisdiction and due process of law of the state court.

4. Plaintiff did not file a "Civil Rights" claim, in state court, or one originating in this Court, nor did defendants; thus, defendants, by and through attorneys Ortiz and Grimmer, in their Response, [Doc. No. 11] to plaintiff's prior Motion for Summary Remand, [Doc. No. 7] misled the Court by stating that they removed "the Civil Rights Action". Plaintiff's action was filed for deprivation of Constitutional Rights, not "civil rights"; thus, there is no "Civil Rights Action" to be removed. A Constitutional Right, per Black's Law Dictionary, 5th Ed., is defined as: "A right guaranteed to the Citizens by the Constitution and so guaranteed as to prevent legislative interference therewith." In

reference to "Civil Rights", these are considered in reference to "Civil Rights Acts", which are defined in Black's 5th, as "Federal statutes enacted after Civil War, and more recently in 1957 and 1964, intended to implement and give further force to basic personal rights guaranteed by the Constitution. Such acts prohibit discrimination based on race, color, age or religion." Plaintiff did not invoke any federal civil rights statutes, nor base any claims upon discrimination of any sort. Thus, there is no merit behind referenced defendants' contention that plaintiff's action is a "Civil Rights Action", therefore, their contention is false and misrepresents the nature of plaintiff's action.

5. All courts of the United States are statutory courts of limited jurisdiction, wherein due process of law is predicated on statutes of the United States, which either prohibit or compel a given activity. Thus, unless a law vests authority in federal administrative agencies, or the courts themselves, courts of the United States do not have subject matter jurisdiction. Plaintiff did not file her case in federal district court, because, as stated herein above, the issues at hand arose under violations of state laws, not federal laws; thus, her case pertains to state issues, not federal issues, there is no federal question at issue, in contradiction to information alleged on defendants' Civil Cover Sheet, and jurisdiction falls properly under state district court. Defendants' contention that plaintiff's action invokes a federal question is false and misrepresents the nature of her action. The only valid reason in support of removal would be if this entire case is a federal question, and obviously, plaintiff's case is not a federal question, since her Complaint speaks only of defendants' violations of state laws, which deprived her of her state and national Constitutional Rights.

6. Further, plaintiff made no reference to, or presentation of, any federal question on the face of her Complaint. The "well-pleaded complaint rule" requires that, in interpreting 28 U.S.C. § 1331, it must be clear from the face of the plaintiff's complaint that there is a federal question. This "rule" is considered the primary element of the § 1331 test determining federal jurisdiction. The Court in *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), held that the case was not within the removal jurisdiction conferred by 28 U.S.C.§ 1441; 465 U. S. 7-28 and stated:

> (a) Where there is no diversity of citizenship between the parties, as in this case, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of United States district courts under 28 U.S.C. § 1331 (1976 ed., Supp. V). Under the "well-pleaded complaint" rule, a defendant may not remove such a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law within the meaning of § 1331, and it may not be removed on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the complaint and both parties admit that the defense is the only question truly at issue. 463 U.S. 2, pp. 7-12.

In essence, the Court held that § 1331 provides federal courts with jurisdiction to hear only those cases in which a *well-pleaded complaint* establishes either that federal law *creates* the cause of action; *or* that the plaintiff's right to relief necessarily *depends on resolution of a substantial question of federal law*. [Emphasis added.] Still further, in *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the Court held that in order for a state law claim to satisfy § 1331, it must be clear from the face of the plaintiff's complaint that a federal law creating a cause of action is an *essential element* of the state law claim.

7. Clearly, since plaintiff's Complaint makes no claim that federal law creates the cause of her action, nor that her right to relief depends on resolution of a question of federal law,

4

or that a federal law creating a cause of action is an essential element of her state law claim, then, "the well pleaded complaint" rule precludes removal to federal district court, because there is no federal question at issue, *raised by plaintiff on the face of her Complaint,* to authorize adjudication by a federal district court. Thus, authority for removal alleged under 28 U.S.C. § 1441(a) and (b) and § 1331 fails, and summary remand of this instant case is fully justified.

8. Plaintiff prevailed in a prior state court action, *City of Las Vegas v. Margaret D. Edwards Flynn,* Case Number, CV-2006-54, directly related to this current case, wherein the City of Las Vegas, by and through the direct actions of defendant Matthew Sandoval, as prosecutor for the City, and defendants Cheryl Ann Yara and Chuck Griego, as witnesses for the City, failed to obtain a declaratory judgment to remove plaintiff from the ballot. The state court upheld plaintiff's lawful, Constitutional positions, which held that plaintiff had a reasonable expectation that Yara, as city clerk, was well aware of ward boundaries and, thus, would give plaintiff true, correct and accurate information, but instead gave false information to plaintiff concerning her proper ward, then, wrongfully certified plaintiff in that ward, which violated state law and requirements for an honest election, and perjured Yara's oath, which resulted in the deprivation of plaintiff's State and National Constitutional Rights, irreparably harmed plaintiff's ability to seek and hold political office, thereby causing plaintiff political and legal injury, public humiliation, and mental anguish. The state court took issue with the City's arguments, presented by Sandoval and with the testimony of Yara and Griego, determined that plaintiff had the Constitutional Right to run for office and to remain as a candidate on the ballot, and

denied the City's petition. A copy of the state court's order is attached hereto, made part hereof, and marked Exhibit A.

9. Plaintiff's charges for violations of state law by defendants, resulting in deprivation of state and federal Constitutional Rights, as set forth in her Complaint initiating this current case, are the same arguments upheld by the state court in the referenced prior state court action. The losers, by their attempted removal of this follow-on case, apparently expect the federal court to essentially adjudicate the same issues already considered by the state court, which upheld plaintiff's lawful arguments and Constitutional Rights, and have this Court deny these same arguments and Rights, exonerate defendants' unconstitutional, unlawful actions and dismiss them from plaintiff's case.

10. The City and these named defendants initiated a collective, unjust attempt to hold plaintiff liable for the errant actions Yara committed against plaintiff. Defendants' removal of plaintiff's case to federal court is improper, since aspects of these same state issues were already decided by the state court, therefore, the state court is the proper authority to hear the remaining aspects of these issues, and an order for summary remand is justified. Defendants, by and though counsel, should be aware that the state court has concurrent jurisdiction to hear matters concerning Constitutional Rights, as stated above in ¶ 3. In fact, defendants have so admitted to this fact, by their failure to rebut statements to this effect made in plaintiff's prior motion, as stated in plaintiff's Consolidated Reply, ¶ 3. Therefore, defendants' attempted removal is not only improper, but also appears to be disingenuous, since they are aware that the state court has authority to hear this instant case. Logic dictates, then, that defendants' attempted removal may

stem not from issues regarding a "Civil Rights Action" or a federal question, but rather is motivated by their intention to misuse Title 28 U.S.C. § 1441 and this Court to deprive plaintiff of the opportunity to present her case before a jury of her peers, in the court of her choice, and thereby evade accountability and liability for their wrongful actions against her.

11. Plaintiff is lawfully entitled to equal treatment under the law and therefore challenges the constitutionality of this removal, which would subordinate her Rights to the will of defendants, by and through counsel, and thereby hold defendants' Rights superior to plaintiff's Rights.  If this Court permits removal to stand, then, defendants' Rights, *will* be held above those of plaintiff, thereby denying her Right to seek remedy for a private wrong, as she is lawfully entitled, under due process of law, in a court of proper jurisdiction, of her choosing, which, in this instant case is the state district court wherein plaintiff filed her case.  It may be that defendants are loath to face trial by jury in the same venue and jurisdiction in which plaintiff was injured by defendants' actions, before the same state court which found for her, since this would publicly expose defendants' actions to the People of Las Vegas.  However, the People of Las Vegas have every Right to know about actions committed by those who act as their public officers and would be denied this Right, if remand is denied.

12. Plaintiff was recently informed that a Citizens' group is preparing a complaint to be sent to the San Miguel County District Attorney to seek a local grand jury investigation into corrupt election practices, and the federal court's actions may interfere with that endeavor.

13. Pursuant to Rule 16, F.R.C.P., an Initial Scheduling Order was issued, to which plaintiff has objected as premature, in part, because her motion for summary remand is pending. Pursuant to Title 28 § 2072(b), "Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Removal was improper, because the cited sections of Title 28, as described in ¶ 6, above, do not apply to this case, thus, cannot support removal, and § 2072(b) applies in that, if the Rule 16 Scheduling Conference were to be held, as scheduled, plaintiff's substantive due process Rights would be denied, which is prohibited by § 2072(b).

**WHEREFORE**, in light of the foregoing reasons, stated herein, based in fact and law, plaintiff Edwards-Flynn, respectfully moves this Honorable Court for a decision, forthwith, on summary remand of this case to the proper jurisdiction of the Fourth Judicial District Court.

Respectfully submitted,
All Rights Reserved

By USPS, this 27th day of March 2008

By _/s/ Margaret D. Edwards Flynn_
Margaret D. Edwards Flynn, plaintiff, *sui juris*
C/o 739 Dalbey Drive
Las Vegas, New Mexico [87701]
(505) 425-0659

## CERTIFICATE OF SERVICE

**I certify** that a true and correct copy of the foregoing Emergency Motion for Decision on Summary Remand was sent by U.S.P.S., First Class Mail, postage prepaid, to Defendants' attorneys, as follows on this 27th day of March, 2008, to their respective following addresses:

Christopher M. Grimmer and

Tony F. Ortiz

C/o Scheuer, Yost & Patterson, P.C.

P.O. Drawer 9570

Santa Fe, New Mexico 87504


Michael W. Brennan

C/o Brennan & Sullivan, P.A.

128 East De Vargas

Santa Fe, New Mexico 87501


All Rights Reserved,

*Margaret D. Edwards Flynn* (signature)

Margaret D. Edwards Flynn