**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARGARET D. EDWARDS-FLYNN,

    Plaintiff,

vs.                                                                        CIV. No. 08-0186 JB/ACT

CHERYL ANN YARA; MATTHEW SANDOVAL;
HENRY O. SANCHEZ; JOHN AVILA; CHUCK
GRIEGO; MICHAEL GALLEGOS; MACARIO
GONZALES; MORRIS MADRID; DIANE MOORE;
TONY MARQUES; EUGENE ROMERO; CRUZ
ROYBAL; AND LOUIE TRUJILLO, all in their
individual, personal, private and official capacities,
for actions committed while acting as public officers
and/or employees of the Machinery of Government of
the City of Las Vegas, New Mexico; and ERIC LETEY
and ED ZENDEL, each in their individual, personal,
private and official capacities, for actions committed
while acting as employees of the New Mexico Municipal
League, by and through the New Mexico Self-Insurers'
Fund; THE NEW MEXICO SELF-INSURERS' FUND;
THE NEW MEXICO MUNICIPAL LEAGUE;
FIFTEEN JANE DOES; and FIFTEEN JOHN DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Summary Remand, filed March 6, 2008 (Doc. 7); (ii) her Emergency Motion for Decision on Summary Remand, filed March 28, 2008 (Doc. 12)("Emergency Motion"); and (iii) her Motion to Rule on Emergency Motion for Decision on Summary Remand, filed September 16, 2008 (Doc. 35). The Court also has considered the Plaintiff's Notice to the Court, filed May 8, 2008 (Doc. 31). The primary issue is whether the Defendants properly removed this case from state court on the alleged existence of a federal question. The Court concludes that, because the Complaint on its face alleges

that the Defendants' negligent or intentional actions that violated state election laws resulted in the deprivation of Plaintiff Margaret D. Edwards-Flynn's federal constitutional right to fairly run for public office, a federal question sufficient to invoke federal jurisdiction exists, and the Defendants were entitled to remove the case.

**PROCEDURAL BACKGROUND AND COMPLAINT**

Plaintiff Margaret D. Edwards-Flynn filed in state court her "complaint against defendants for their egregious violations of the [federal and New Mexico] Constitutions and her rights guaranteed therein," Complaint at 2 (Doc. 1, Ex. A at 2), "invok[ing state-court] jurisdiction under authority of Article III of the authentic, original 1791 Constitution of the United States of America, inclusive of the Bill of Rights," and "under the authentic New Mexico Constitution of 1911, inclusive of the Bill of Rights," id. ¶ 1, at 4. She also invoked state-court jurisdiction under the "New Mexico laws, statutes, rules, and regulations." Id. In her "facts, points of law, and authorities," Edwards-Flynn noted that the "Constitution of the United States of America is the Supreme law of the land." Id. ¶ 21, at 8. Edwards-Flynn contends that Cheryl Ann Yara, who was the city clerk for the city of Las Vegas, New Mexico, "either intentionally or by negligent mistake, provided incorrect information to plaintiff, regarding ward boundaries, which caused plaintiff to register in the wrong ward," and Yara then "certified Edwards in the incorrect ward" to run as a city councilor in January 2006. Complaint at 3. Edwards-Flynn contends that the City then failed to "timely correct its alleged mistake," which "interfered with [her] Constitutionally guaranteed right to run for public office" and "the Peoples' Constitutionally guaranteed Right to vote for their candidate in the proper ward" and with her "ability to maintain office, if elected." Id. ¶ 30, at 13; id. at 2-3. She states that she "seeks relief for deprivation of said Rights" by the Defendants. Id. ¶ 22, at 10. She purports to "base[] all her . . . charges in fact and law . . . in the paramount authority

of the Constitution of the United States of America." " Id. ¶ 23, at 10.

Edwards-Flynn's first cause of action is against Yara for allegedly "defraud[ing Plaintiff] of her Rights." Id. ¶ 26, at 11. She contends that Yara "betrayed her office and the Public Trust, acted in negligence of office, in dereliction of duty, in malfeasance of office, obstructed justice, acted in violation of due process of law, and perjured her oath." Id. ¶ 26, at 11. Edwards-Flynn alleges that Yara's actions in giving her incorrect information about in which ward she resided violated several sections of the New Mexico Municipal Election Code, see id. ¶¶ 36-38, at 17-18, deprived . . . [her] of Rights guaranteed to her in the federal and state Constitutions, under which she is entitled to participate in a fair election," id. ¶ 39, at 18, and violated the New Mexico Constitution, see id. ¶ 43, at 20.

Edwards-Flynn's second cause of action is against Matthew Sandoval, who served as the city of Las Vegas' attorney when it unsuccessfully brought a declaratory judgment action in state court in February 2006 to attempt to remove her from the city-councilor ballot. She alleges that, by bringing the suit, Sandoval "betrayed his office and the Public Trust, acted in negligence of office, in dereliction of duty, in malfeasance of office, obstructed justice, and perjured his oath," thereby "defraud[ing] Plaintiff of her Rights" under "the Constitutions" and violating "due process of law." Id. ¶ 47, at 21. She contends that Sandoval's actions violated the federal and New Mexico Constitutions, New Mexico statues, and the New Mexico Rules of attorney conduct. See id. ¶ 51, at 22-23.

In Count Three of her Complaint, Edwards-Flynn contends that Las Vegas Mayor Henry O. Sanchez failed to investigate her May 2006 complaints against Yara and Sandoval, or to take disciplinary action against them, and that, therefore, he must have been conspiring with them to "shield Yara and the City from Yara's alleged errors." Id. ¶¶ 54-55, at 24-25. She contends that

Sanchez' failure to act violated his oath under the federal and New Mexico Constitutions and violated due process, and also violated several New Mexico statutes, thereby defrauding her of her rights.  See id. ¶ 56, at 26.

Count Four names John Avila and Chuck Griego, who were the Las Vegas city manager and communications officer, respectively, as Defendants.  See id. ¶ 59, at 27.  She contends that they failed to respond to her May 2006 complaints about Yara's and Sandoval's behavior, thereby implicitly upholding the due-process violations and fraud.  See id. at 28, ¶ 60.

Edwards-Flynn's fifth cause of action is against all of the Las Vegas city councilors.  See id. ¶ 63, at 29.  She contends that, after she notified the councilors of Yara's and Sandoval's behavior in July 2006, they failed to investigate or to "urge the mayor to take . . . disciplinary action" against them, thereby upholding the alleged constitutional violations and also violating their oaths of office.  See id. ¶¶ 63-64, at 29-30.

In her sixth cause of action, Edwards-Flynn contends that all of the City Defendants' failures to respond to or rebut her complaints violated the New Mexico Constitution's mandate that "no law shall be enacted legalizing the authorized [sic] or invalid act of any officer."  Id. ¶ 68, at 32.  She also contends that their lack of response violates the federal Constitution in some unspecified way. See id. ¶ 70, at 33-34.

For her seventh cause of action,  Edwards-Flynn contends that Eric Letey, a claims examiner for the New Mexico Municipal League's Self-Insurer's Fund for the City, sent to her a letter stating that her claim against the City employees/officers would be denied because he "found no conspiracy or intentional acts that violated plaintiff's 'civil rights.'" Id. ¶¶ 71-76, at 35-36.  She contends that this communication was also a fraud, because she had never alleged a violation of her "civil rights" but had alleged only violation of her "Constitutionally guaranteed rights."  Id. ¶ 77 at 36.  She

contends that the Fund and its employees may have conspired with the City Defendants to attempt to deceive her into believing that she had no claim, thereby defrauding her. See id. ¶ 79, at 37. And she contends that Letey's and Ed Zendel's actions violated their constitutional oaths and upheld the alleged due-process violations. See id. ¶ 82, at 39.

In her eighth cause of action, Edwards-Flynn contends that the New Mexico Municipal League and its Self-Insurer's Fund "failed to properly respond to [her] communications." Id. ¶ 85, at 41.

Edwards-Flynn filed her Complaint in state court on December 21, 2007. The Defendants received a copy of the summons on January 24, 2008, and timely filed a notice of removal on February 20, 2008. Edwards-Flynn moved to remand the action to state court on March 6, 2008 and filed an "emergency" motion requesting a ruling on her motion on March 28, 2008.

## RELEVANT LAW REGARDING REMOVAL

28 U.S.C. § 1441(b) provides for removal of an action from state to federal court when the federal court has "original jurisdiction" over the action because it is "founded on a claim or right arising" under federal law. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnote omitted). "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. When federal subject-matter jurisdiction is challenged, "[m]ere conclusory allegations of jurisdiction are not enough." United States ex rel. Hafter v. Spectrum Emergency

Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

28 U.S.C. § 1446(a) requires the defendant desiring to remove a civil action from a State court to "file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Thus, the federal court's original subject-matter jurisdiction must "affirmatively appear in the record." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(internal quotation marks and bracket omitted)(reversing district court's ruling on removal because neither the "petition nor [the defendant's] notice of removal establishes the requisite jurisdictional amount in this case"). The removing defendant cannot satisfy its burden to establish removal jurisdiction by subsequently filing documents in response to a motion to remand. See id. (holding that the defendant's "economic analysis of [the plaintiff's] claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. . . . [T]he requisite amount in controversy . . . must be affirmatively established on the face of either the petition or the removal notice."); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n.4 (10th Cir. 2001)("We have held that a defendant's economic analysis of the plaintiff's claims for damages, 'prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. . . . [T]he requisite amount in controversy ... must be affirmatively established on the face of either the petition or the removal notice.'")(quoting Laughlin v. Kmart Corp., 50 F.3d at 873; Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, *778 (10th Cir.)(holding that, because neither the complaint nor the defendant's conclusory assertions in its

notice of removal supported the requisite jurisdictional minimum amount in controversy necessary for federal jurisdiction, which was a "fatal omission" on the part of the defendants, "[a]ny additional matters in the record, including [a defendant's] after-the-fact affidavit, and [the plaintiff's] attempt to formally stipulate to a $50,000 amount in controversy in its brief in support of its motion to remand, are inadequate to cure these deficiencies" and affirming remand).

Thus, in a removed case the Defendant must show in its notice of removal that the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[1] Franchise Tax Bd. v. Constr. Laborers Vacation Trust., 463 U.S. 1, 27-28 (1983).

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit" in a removed case, however. Gully v. First Nat'l Bank, 299 U.S. 109, 116 (1936). The federal right "must be an element, and an essential one, of the plaintiff's cause of action," id. at 112, and "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal," id. at 113. "The 'vast majority' of cases that come within [the federal-

---

[1] Of course, this showing is required both for cases removed on the basis of the existence of a federal question and for cases originally filed in federal court because removal jurisdiction under § 1441(b) statutorily requires a showing of original jurisdiction under § 1331 (the "federal question" jurisdiction statute providing that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). See § 1441(b) ("Any civil action *of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties.")(italics added); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)(noting that "the propriety of the removal in this case thus turns on whether the case falls within the original 'federal question' jurisdiction of the federal courts); Franchise Tax Bd. v. Constr. Laborers Vacation Trust., 463 U.S. at 27-28 ("Congress has given the lower federal courts jurisdiction to hear, *originally or by removal from a state court*, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.")(italics added).

question] grant of jurisdiction are covered by Justice Holmes' statement that a "'suit arises under the law that creates the cause of action.'" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986)(internal quotation marks omitted). Thus, "[b]y unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." Gully v. First Nat'l Bank, 299 U.S. at 116.

The Supreme Court has stated that, when a complaint alleges violation of constitutional rights by state actors and is brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343 "confer[s] jurisdiction upon the District Court to entertain the constitutional claim if it [is] of sufficient substance to support federal jurisdiction." Hagans v. Lavine, 415 U.S. 528, 536 (1974), *superceded by statute on other grounds*. The Supreme Court has stated that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." Id. (internal quotation marks omitted)(emphasis added).

> [C]laims are constitutionally insubstantial only if the prior decisions inescapably render the claims frivolous; previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial . . . . A claim is insubstantial only if its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.

Id. at 537-38. See id. at 533, 539 (holding that, because the Supreme Court could not "say that the equal protection issue tendered by the complaint was either frivolous or so insubstantial as to be beyond the jurisdiction of the District Court," it would reverse the Court of Appeals' holding "that because petitioners had failed to present a substantial constitutional claim, the District Court lacked jurisdiction to entertain either the equal protection or the statutory claim"). Cf. Cordova v. Blockbuster Video Corp., No. 08-1374, slip op. at 2-3 (10th Cir. Mar. 4, 2009)(citing Hagans v. Lavine and holding that the district court "plainly lacked jurisdiction" in a case in which the

plaintiff attempted to invoke federal-question jurisdiction by specifically alleging violation of 42 U.S.C. § 1983 because the complaint failed to "allege that either defendant acted under color of state law" and therefore did not "raise a substantial federal question").  At the same time, a district court must avoid jumping over the jurisdiction issue to determine that the plaintiff fails to state a claim upon which relief can be granted.  See Bell v. Hood, 327 U.S. at 685.  The Supreme Court in Bell v. Hood noted that a determination of failure to state a claim "calls for a judgment on the merits and not for a dismissal for want of jurisdiction." Id.

In Bell v. Hood, the plaintiffs sued for money damages in federal court alleging in their complaint that the defendant agents for the Federal Bureau of Investigation illegally imprisoned them and conducted an unreasonable search and seizure on the plaintiffs' premises.  See id. at 679. To support the contention that the federal court lacked subject-matter jurisdiction, the defendants argued that the plaintiffs did not state a claim because "the Constitution does not expressly provide for recovery in money damages for violations of the Fourth and Fifth Amendments and Congress has not enacted a statute that does so provide."  Bell v. Hood, 327 U.S. at 680.  The Supreme Court in Bell v. Hood rejected the defendants' argument, stating that whether there was a cause of action for money damages under the Fourth and/or Fifth Amendment to the United States Constitution was "not decisive on the question of jurisdiction of the federal court."  Bell v. Hood, 327 U.S. at 680. According to the Supreme Court in Bell v. Hood, "jurisdiction, therefore, is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Id. at 682.

The Supreme Court in Bell v. Hood pointed out two exceptions to its holding that a court should not base dismissal for lack of subject-matter jurisdiction on the possibility that the complaint fails to state a claim.  "[A] suit may sometimes be dismissed for want of jurisdiction where the

alleged claim under the Constitution of federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. at 682-83. In other words, Bell v. Hood represents the rule, while the "insubstantiality" notion articulated in Hagons v. Lauine represents the exception.

Thus, Bell v. Hood and its progeny teach district courts that they are not to decide the merits of a plaintiff's claim before the Court determines whether it has jurisdiction. Those cases mandate that a court determine if the complaint fully alleges federal jurisdiction by looking at the complaint and not by determining if the plaintiff has a valid cause of action. See e.g., Pedroza v. Lomas Auto Mall, Inc., No. CIV. 07-0591 JB/ACT, 2008 WL 257284 at *5 (D.N.M. 2008)(concluding, in case originally filed in federal court, that the Court had federal-question jurisdiction because the complaint alleged violation of a federal statute); Waconda v. United States, No. CIV. 06-0101 JB/ACT, 2007 WL 2219472 at *6-8 (D.N.M. May 23, 2007)(holding that plaintiff failed to show waiver of sovereign immunity and dismissing case for lack of subject-matter jurisdiction); Negrete v. Maloof Distributing L.L.C., No. CIV 06-0338 JB/LFG, 2006 WL 4061178 at *7 (D.N.M. Oct 17, 2006)("Accordingly, even if the Court were to decide that Negrete had not sufficiently pled a § 1981 cause of action, it would not grant Maloof Distributing's motion to dismiss for lack of jurisdiction."); White v. SPE Corperate [sic] SVC, Inc., No. CIV 05-552 JB/DJS, 393 F. Supp. 2d 1110, 1113-14 (D.N.M. 2005). But see Clark v. Meijer, Inc., No. CIV 04-0921 JB/RLP, Memorandum Opinion and Order at 12-13, filed Jan. 31, 2005 (D.N.M.)(Browning, J.)(Doc. 68)(finding that the federal statutes in the plaintiffs' complaint were "insubstantial and frivolous," and cannot be used as a means of asserting federal jurisdiction).

The Court must also be careful to apply the principle that removal "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharm. Inc. v.

Thompson, 478 U.S. at 810 n.6, 817 (holding, in a case contesting federal-question removal, "that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'").

Thus, where a plaintiff does not initially seek resolution of claims in federal court and does not invoke a federal statute giving rise to a private cause of action as the basis for his cause of action, and the defendant relies on its statutory right to removal, a district court must more closely examine the factual allegations in the complaint to determine if subject-matter jurisdiction exists. See, e.g., New Broadcasting Co. v. Kehoe, 94 F. Supp. 113 (D.C.N.Y. 1950). In New Broadcasting Co. v. Kehoe, the district court noted:

> Where the complaint has grounded its claim for relief explicitly under a federal statute, federal courts have accepted jurisdiction even though the complaint would be subject to a motion to dismiss. The principle underlying these decisions was expressed by Mr. Justice Holmes when he wrote, 'Of course, the party who brings a suit is master to decide what law he will rely upon'. *See, The Fair v. Kohler Die & Specialty Co., supra.* Plaintiff brought the suit initially in a state court. At no point in his complaint does he allude to a federal statute, or indicate a desire to rely upon such law. He has strenuously disavowed any inclination to invoke a federal statute in his behalf. Under these circumstances, the determination that the complaint does not state a valid federal claim for relief is also decisive of the jurisdictional question.

Id. at 116 (remanding the case to state court because the factual allegations did not state a federal claim on which relief could be granted).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991).

When reviewing a complaint to determine if federal subject-matter jurisdiction exists, even if the plaintiff is pro se, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997), especially in those circumstances in which the plaintiff contends that she is not attempting to invoke federal jurisdiction and filed her complaint in state court, see Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. at 810 n.6 (citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915)("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)("[T]he party who brings a suit is master to decide what law he will rely upon")).

When a plaintiff contends in her motion to remand that she is alleging only state-law violations, the Supreme Court of the United States has explained that there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). But a district court may not refuse jurisdiction over a plaintiff's claims "simply because they appeared in state raiment." Id. at 314. The Supreme Court noted that it does not treat the existence of a "'federal issue' as a password opening federal courts to any state action embracing a point of federal law." Id. Rather, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id.

"[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d at 873. That presumption is true because,

> [i]n a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that

> the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*, 303 U.S. at 290, 58 S. Ct. 586); *see also Miera*, 143 F.3d at 1340. Thus in a removed case, "[t]he defendant's claim that the amount in controversy exceeds $50,000 does not enjoy the *St. Paul Mercury* presumption of accuracy that the plaintiff's does." *Singer*, 116 F.3d at 376.

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001)(some citations omitted). Further, a plaintiff cannot concede to removal jurisdiction by failing to properly contest removal. See Laughlin v. Kmart Corp., 50 F.3d at 874.

If a district court determines that it has no original subject-matter jurisdiction over a removed case, the "finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." Int'l Primate Prot. League v. Admin'rs of Tulane Educ. Fund, 500 U.S. 72, 87 (1991)(superceded by statute on other grounds). And if a district court never has jurisdiction over a removed case, it has no power to rule on any motions or enter any judgment in the case and must vacate any ruling or orders made in the absence of jurisdiction. As the Supreme Court of the United States stated in American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951), *superceded by statute on other grounds*:

> The jurisdiction of the federal courts is carefully guarded against expansion. . . . To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.

Id. at 17-18.

## ANALYSIS

The allegations on the face of the complaint establish a substantial federal question. While the Court does not express any opinion on the motion about the likelihood of success of Edwards-Flynn's federal claim, the violation of her federal rights that she alleges is not a tangential issue in her Complaint, but is mentioned regularly in her Complaint and in her briefing. See, e.g., Complaint ¶ 23, at 10 (purporting to "base[] all her . . . charges in fact and law . . . in the paramount authority of the Constitution of the United States of America."); id. ¶ 39, at 18 (alleging that Yara's actions "deprived . . . [her] of Rights guaranteed to her in the federal and state Constitutions, under which she is entitled to participate in a fair election"). Given that Edwards-Flynn has requested relief under the United States Constitution, the Court concludes that a substantial federal question exists on the face of the Complaint.

When the Court carefully reads the Complaint and all the briefing, the fairest reading is that Edwards-Flynn believes that the Defendants violated her federal constitutional rights and/or violated state law and that she is entitled to money damages for those violations. See id. ¶¶ 36-38, at 17-18 (alleging that Yara's actions in giving her incorrect information about in which ward she resided violated several sections of the New Mexico Municipal Election Code)[2]. Edwards-Flynn confirms in her briefing that she is bringing federal claims by asserting that the federal court and the state

---

[2] While Edwards-Flynn does not specifically cite to a cause of action for the violation of constitutional rights committed by any of the defendants, the Court believes she is attempting to allege a violation of 42 U.S.C. § 1983. Edwards-Flynn does not state that she purposefully did not mention § 1983, and there is no reason to believe that her Complaint is not designed to invoke § 1983, given that her Complaint, fairly read, seeks money damages for constitutional violations by state actors. If, however, Edwards-Flynn does not want to bring a § 1983 claim and does not want any remedy for the alleged violation of her federal rights, she may dismiss her § 1983 claim in this Court and/or amend her Complaint to clarify that she is not bringing a § 1983 claim.

court have concurrent jurisdiction.[3]  In her Complaint she indicates that she is seeking a remedy "against defendants for their egregious violations of the [federal and New Mexico] Constitutions and her rights guaranteed therein." Id. at 2.  Hence, the Court agrees with the Defendants that Edwards-Flynn's Complaint raises a federal question on the face of the Complaint[4].

The Court might conclude that Edwards-Flynn is stating only a state-law claim if she stated clearly that she is not attempting to recover damages under federal law and if the Complaint was devoid of sufficient facts to state a federal claim. Instead, the Complaint invokes the federal Constitution repeatedly and asserts violations of her rights under the Constitution.  Furthermore, the relief section states that she seeks damages because of these violations.  See Complaint at 44 ("[P]laintiff respectfully requests and demands judgment against all defendants, as follows: . . . Award [P]laintiff total and combined damages of $1,500,000.00.").  Moreover, her briefing supports the reading that she seeks damages for violations of her federal rights. See Emergency Motion ¶ 5, at 3 (asserting that, by violating state law, the Defendants also violated Edwards-Flynn's rights

---

[3] While the Court must be careful to heed the statement in Merrell Dow that the courts cannot sustain removal jurisdiction on a theory that the plaintiff has not advanced, the Court believes that the Defendants have fairly read her Complaint and briefing as alleging a violation of federal constitutional rights.

[4] The Court must determine whether the Defendants met their burden in their notice of removal of stating the facts upon which federal-question jurisdiction exists and whether the Defendants have shown, by a preponderance of the evidence that federal-question jurisdiction exists in the briefs objecting to removal.  See Laughlin v. Kmart Corp., 50 F.3d at 873; Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994). A defendant waives his right to removal when he does not meet his statutory burden. See Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. at *778. While the Defendants perhaps could have done a better job listing out the allegations supporting federal jurisdiction in the Notice of Removal, the Court does not believe there is any waiver of removal by the Defendants because they quote the Complaint extensively in the Notice of Removal and attached the Complaint to the Notice of Removal.  Attachments are considered part of the Notice of Removal. See Laughlin v. Kmart Corp., 50 F.3d at 873.  With the Complaint before the Court, the Court has everything it needs to decide the federal-question issue.  This situation is not one, like a jurisdictional amount, where the defendant is trying to cure a problem in the notice with additional briefs.

under the "national Constitution"); id. ¶ 4, at 2 (stating that Edwards-Flynn seeks redress for deprivation of "Constitutional rights, not 'civil rights'").

One possible approach would be to view her Complaint as ambiguous, resolve all ambiguities against removal and in favor of remand, and remand the case, and if she amends her Complaint in state court to state a claim under § 1983, then the Defendants could remove. The Court believes that such an approach would be shirking its duties. The Court does not believe the Complaint is ambiguous, but that Edwards-Flynn misunderstands federal jurisdiction law and is trying to avoid federal-question jurisdiction.

Edwards-Flynn apparently believes, however, that, because she is alleging violations of state law, because the violations of state law resulted in violations of her federal rights, and because the federal court and state courts have concurrent jurisdiction, the Defendants cannot remove her case. Edwards-Flynn misunderstands the law. As long as a federal question remains in her Complaint, the Defendants have a right to remove the case to federal court.

Edwards-Flynn also seems to believe that, if she does not expressly mention a federal statute in her Complaint, the Defendants cannot remove her case. She regularly, however, alleges violations of her federal constitutional rights and seeks a remedy for them. Whether she mentions § 1983 or not, that is the claim she is alleging. While it is true that a federal court may not take jurisdiction of a case on a theory that the plaintiff has not advanced, see Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. at 810 n.6, 817, in this case, even though she did not expressly mention § 1983, Edwards-Flynn has set forth a complaint that, in substances, alleges a § 1983 cause of action.

Because the Complaint alleges that Yara's possibly intentional failure to follow state laws regarding candidacy for public office violated Edwards-Flynn's federal constitutional right to fairly run for public office, even though she did not formally bring a claim under any federal statute, the

face of the Complaint affirmatively states a substantial federal question that gives this Court original subject-matter jurisdiction over her claims.

Edwards-Flynn contends in her remand motion that, although she invoked both the federal and state constitutions, her issues "are state issues, which lawfully should be determined by the state court." Emergency Motion for Decision on Remand at 2, filed March 28, 2008 (Doc. 12).[5] She asserts that she has not invoked "any federal civil rights statutes," and that the alleged violations were of "state laws not federal laws." Id. at 3. She contends that her "Complaint speaks only of defendants' violations of state laws, which deprived her of her state and national Constitutional rights." Id. She argues that, because she raised no federal question on the face of her "well-pleaded complaint," the Court has no removal jurisdiction over her case. She also argues that removal is improper because some of the issues in her Complaint have already been decided in the previous state-court case, and that the state courts should decide "the remaining aspects of these issues," and that she should not be deprived of her choice of court. Id. at 6-7.

In her most recent motion regarding remand, Edwards-Flynn asserts that, even if a plaintiff can bring claims under both state and federal law, if the plaintiff chooses "to ignore the federal claim and alleges only state law claims" she can prevent removal. Motion to Rule on Emergency Motion for Decision on Summary Remand at 4, filed September 16, 2008 (Doc. 35). She requests the Court

---

[5] The Court believes this case is distinguishable from Merrell Dow. While Edwards-Flynn says she is relying only on state-law violations to show that her federal law violations, unlike in Merrell-Dow, she indicates that she wants tort damages remedy for the violation of federal law. In Merrell Dow, the plaintiff's success depended on a favorable interpretation of federal drug-safety laws, but the Supreme Court observed that state law supplied the right to recover damages for torts and held that the presence of a federal issue in a claim that depended on state law did not make the claim one "arising under federal law." Merrell Dow certainly demonstrates that the Court must look closely to see if a plaintiff is stating a federal claim that would give rise to the defendant's right to removal, or is stating a state claim, but if Edwards-Flynn is alleging a violation of her federal constitutional rights and is seeking a tort-damages remedy for that violation, she is bringing a § 1983 claim, which is a claim created by federal law, not state law.

to vacate all Rule 16 scheduling and discovery orders because no ruling has been made on the motion to remand.  See id. at 6.

Although, as Edwards-Flynn points out, she has alleged violation of only state laws, which does not give rise to a federal question,  Edwards-Flynn contends that Yara's actions of negligently or intentionally failing to certify her to run for public office in the proper ward violated the Due Process clause and her constitutional right to fairly run for public office as well as the rights of her supporters in her ward to vote for her.  These allegations raise substantial constitutional questions that give rise to original federal jurisdiction.  While there may be some doubt whether any of those contentions state a claim, the Court believes this case is similar to the situation contemplated in Bell v. Hood, where, although there was some doubt whether there was a money-damages action against federal actors for violations of the federal constitution, the possibility that there was no such cause of action was not a proper basis to dismiss for lack of jurisdiction.  See 237 U.S. at 682-83.  Here, while it may be that Edwards-Flynn's claims would be dismissed on the merits for failure to state a claim, that would be a determination on the merits, which requires that the Court first assume jurisdiction.

Nor does the Court believe this case fits under the exceptions for when the alleged claim is immaterial, or is unsubstantial and frivolous.  While a violation of state law does not necessarily mean that there has been a violation of a plaintiff's constitutional rights, the Court can imagine situations where the violation of state law occurs concurrently with a violation of federal constitutional rights.  The Court cannot say that the federal claim is so unsound that federal-court precedent has foreclosed the possibility that it raises a substantial controversy.  See Hagans v. Lavine,  415 U.S. at 539.  The Court believes that the Defendants were on good grounds for removing that case.  The Court concludes that  it has subject-matter jurisdiction over the Complaint

and, therefore, that the Defendants properly removed the case.

While Edwards-Flynn indicates in her briefing that she is willing to withdraw or abandon any claims or remedies for violation of federal constitutional rights, to obtain remand, she must first file either an amended Complaint that does not allege violation of federal constitutional rights or move for voluntary dismissal of any federal constitutional claims under FED. R. CIV. P. 41(a)(2). See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490-91 (9th Cir. 1995) (holding that, because "[a] plaintiff is entitled to file both state and federal causes of action in state court[, t]he defendant is entitled to remove[, and t]he plaintiff is entitled to settle certain claims or dismiss them with leave of the court," the plaintiff may "then choose between federal claims and a state forum" by amending the complaint to no longer include "their federal claims and mov[ing] for remand with all due speed after removal."); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 107.14[3][b][ii], at 107.86-86.21 (3d ed. 2008)("The plaintiff may dismiss the federal claims on removal and then move to remand" subject to FED. R. CIV. P. 41); 28 U.S.C. § 1367(c)(3).  Cf. McConnell v. ABC-Amega, Inc., No. 07CV475S, 2008 WL 1840762 (W.D.N.Y. April 23, 2008)(holding, in case in which the complaint mentioned violation of the Fifth and Fourteenth Amendments of the federal constitution but the plaintiff moved for remand and "counsel [] expressly stated that there was no intention of asserting federal constitutional claims in this case" and also stated that "[t]here is no federal question raised in the complaint, the claims asserted are not federal claims. . . ," that the plaintiff would be bound by those representations and remanding case to state court because "no federal questions remain.").  To achieve a remand, however, Edwards-Flynn must be clear that she will not and cannot seek to litigate a violation of federal rights in state court.  She must dismiss her claim of violation of federal rights and/or file an amended complaint that states she is not claiming any violation of her federal rights.

**IT IS ORDERED** that the Plaintiff's Motion to Remand (Doc. 7) is denied and her Emergency Motion for Decision on Summary Remand (Doc. 12) and Motion to Rule on Emergency Motion for Decision on Summary Remand (Doc. 35) are denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Margaret D. Edwards-Flynn
Las Vegas, New Mexico

    *Pro Se Plaintiff*

Tony F. Ortiz
Christopher M. Grimmer
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendants Cheryl Ann Yara, Matthew Sandoval, Henry O. Sanchez, John Avila, Chuck Griego, Michael Gallegos, Macario Gonzales, Morris Madrid, Diane Moore, Tony Marquez, Eugene Romero, Cruz Roybal, and Louie Trujillo*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendants Eric Letey, Ed Zendel, New Mexico Self-Insurers' Fund, and New Mexico Municipal League*