# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARGARET D. EDWARDS-FLYNN,

     Plaintiff,

vs.                                                            No. CIV 08-0186 JB/ACT

CHERYL ANN YARA; MATTHEW SANDOVAL;
HENRY O. SANCHEZ; JOHN AVILA; CHUCK
GRIEGO; MICHAEL GALLEGOS; MACARIO
GONZALES; MORRIS MADRID; DIANE MOORE;
TONY MARQUES; EUGENE ROMERO; CRUZ
ROYBAL; AND LOUIE TRUJILLO, all in their
individual, personal, private and official capacities,
for actions committed while acting as public officers
and/or employees of the Machinery of Government of
the City of Las Vegas, New Mexico; and ERIC LETEY
and ED ZENDEL, each in their individual, personal,
private and official capacities, for actions committed
while acting as employees of the New Mexico Municipal
League, by and through the New Mexico Self-Insurers'
Fund; THE NEW MEXICO SELF-INSURERS' FUND;
THE NEW MEXICO MUNICIPAL LEAGUE;
FIFTEEN JANE DOES; and FIFTEEN JOHN DOES,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on (i) Plaintiff Margaret D. Edwards-Flynn's

Objection to Orders Issued May 1, 2008 by Magistrate Judge Alan C. Torgerson, filed May 12, 2008

(Doc. 29); and (ii) the City Defendants' Motion for Discovery Sanctions, filed October 8, 2008 (Doc.

43).   The primary issue is whether the Court should impose severe sanctions against Plaintiff

Margaret D. Edwards-Flynn under rule 37 of the Federal Rules of Civil Procedure for having refused

to respond to discovery before the Court ruled on her motions to remand.  Because the Court

concludes that Edwards-Flynn's refusal was based on an erroneous understanding of her duty to

participate in the litigation process while a motion to determine her right to litigate in state court was pending and that the delay in the discovery process has not prejudiced the Defendants, the Court will grant the motion to stay discovery, deny the motion for discovery sanctions, and set a hearing for another scheduling conference. In the scheduling order or at the scheduling order conference, the Court will order Edwards-Flynn to respond to the discovery requests that have already been submitted to her and also to make her Rule 26 disclosures.

## PROCEDURAL BACKGROUND

Edwards-Flynn, appearing pro se, filed her Complaint against the Defendants in state court in December 2007, but the Defendants were not served until January 24, 2008. See Doc. 1, filed February 20, 2008 (Notice of Removal). The Defendants timely removed Edwards-Flynn's action from state court, contending that she was attempting to state claims for violation of her federal constitutional rights under § 1983, thereby giving this Court original jurisdiction over her claims and entitling them to the right of removal under 28 U.S.C. § 1441(b). Edwards-Flynn vigorously contested the removal, noting that she had not cited any federal statute for recovery of money damages and she timely filed a motion for remand and repeatedly moved for expedited hearings on her motion. See Docs. 7, 12, 35.

Edwards-Flynn appeared for a Rule 16 Scheduling Conference under protest, see Docs. 23, 26, contending that, because she contested this Court's subject-matter jurisdiction, litigation should not go forward in this Court. The Honorable Alan C. Torgerson, United States Magistrate Judge, who presided as the Magistrate Judge in this case, entered a scheduling order establishing discovery deadlines, to which Edwards-Flynn again formally objected. See Docs. 27, 29. After this case was reassigned to United States District Judge James O. Browning in May 2008, Judge Torgerson entered an Order vacating the Rule 16 Discovery Status Conference scheduled for July 28, 2008. See Doc.

2

32.

Edwards-Flynn continued to object to participating in discovery until a ruling on this Court's subject-matter jurisdiction was made, and the Defendants filed their motion for discovery sanctions on October 8, 2008.  See Doc. 43.  Edwards-Flynn responded, continuing to argue that, because any order made without subject-matter jurisdiction would be void, the case should not go forward in federal court until a ruling on the jurisdictional issue had been made.  The Court liberally construes Edwards-Flynn's objections to the scheduling order filed on May 12, 2008, as a request for a stay of discovery.

The Court ruled on Edwards-Flynn's motion to remand on March 9, 2009.  See Doc. 56. Construing her Complaint as one brought under 42 U.S.C. § 1983, the Court held that "a federal question sufficient to invoke federal jurisdiction exists," thereby giving the Court subject-matter jurisdiction to hear her case.  March 9, 2009 Memorandum Opinion and Order at 2.

## LAW REGARDING RULE 37 SANCTIONS AND STAYS

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the court to "issue further just orders" and to impose various sanctions upon a party for failure to comply with "an order to provide or permit discovery," including: (i) ordering that designated facts be taken as established; (ii) precluding the disobedient party from supporting or opposing matters at issue or "introducing designated matters in evidence;" (iii) "striking pleadings in whole or in part;" (iv) "staying further proceedings until the order is obeyed;" (v) dismissing the action; (vi) "rendering a default judgment against the disobedient party;" and (vii) treating the failure to obey the discovery order as contempt of court.  FED. R. CIV. P. 37(b)(2)(A)(i)-(vii).  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  Dismissal of an action is "an extreme sanction" that

is appropriate only if there has been "willful misconduct." Id.  The Supreme Court of the United

States has held that

> whether a court has power to dismiss a complaint because of noncompliance with a
> production order depends exclusively upon Rule 37, which addresses itself with
> particularity to the consequences of a failure to make discovery by listing a variety
> of remedies which a court may employ as well as by authorizing any order which is
> 'just.' There is no need to resort to Rule 41(b), which appears in that part of the Rules
> concerned with trials and which lacks such specific references to discovery.  Further,
> that Rule is on its face appropriate only as a defendant's remedy, while Rule 37
> provides more expansive coverage by comprehending disobedience of production
> orders by any party. Reliance upon Rule 41, which cannot easily be interpreted to
> afford a court more expansive powers than does Rule 37, or upon 'inherent power,'
> can only obscure analysis of the problem before us. . . . .[T]he Rule allows a court all
> the flexibility it might need in framing an order appropriate to a particular situation.

Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S.

197, 207-08 (1958).  The Supreme Court held that "Rule 37 should not be construed to authorize

dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order

when it has been established that failure to comply has been due to inability, and not to willfulness,

bad faith, or any fault of petitioner," and noted that a district court "possesses wide discretion to

proceed in whatever manner it deems most effective" and just in the realm of discovery.  Id. at 212-

13.

The United States Court of Appeals for the Tenth Circuit has held that a district court may

not dismiss a complaint with prejudice as a sanction for failing to obey a discovery order without

considering the factors listed in Ehrenhaus v. Reynolds.

> Before imposing dismissal as a sanction, a district court should ordinarily evaluate
> the following factors on the record: (1) the degree of actual prejudice to the [other
> party]; (2) the amount of interference with the judicial process; . . . (3) the culpability
> of the litigant; (4) whether the court warned the party in advance that dismissal of the
> action would be a likely sanction for noncompliance; and (5) the efficacy of lesser
> sanctions.  This list, hereinafter referred to as the *Ehrenhaus* factors, is not
> exhaustive, nor are the factors necessarily of equal weight.  Only when the

4

aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Procter & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005)(internal quotation marks and citations omitted).

> [W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided.  In accordance with this principle—a salutary principle if it is applied sparingly and with real discretion rather than as an absolute rule—a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.

8 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2040, at 52-22 (2d Ed. 1994)(footnote omitted).  See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999)("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

## ANALYSIS

The Court will grant Edwards-Flynn's motion to stay discovery and will not impose the severe sanctions of dismissal or disallowing production of evidence that the Defendants request for several reasons.

There are several reasons why the Court will not impose sanctions and will grant the motion for stay of discovery.  First, Edwards-Flynn reasonably, although ultimately incorrectly, contested this Court's subject-matter jurisdiction  based on the absence of any citation to a federal statute on the face of her Complaint that would provide the legal mechanism for recovery of monetary damages for violation of her federal constitutional rights.  Second, because Edwards-Flynn timely objected to discovery and reasonably argued that discovery should not move forward until the jurisdiction of the Court was established, she was not acting in bad faith.  Third, her delay in responding to discovery has not substantially prejudiced the Defendants.  Despite the delay, the Defendants have

5

been able to successfully obtain dismissal of the majority of Edwards-Flynn's claims. And fourth, the Court has not heretofore warned Edwards-Flynn that failure to comply with discovery, notwithstanding the fact that her objections and motions were pending, could result in severe sanctions. See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers, 357 U.S. at 207-08 (noting that "willfulness or good faith . . . are relevant only to the path which the District Court might follow in dealing with [a party's] failure to comply"); Ehrenhaus v. Reynolds, 965 F.2d at 921. Discovery may now proceed on the remaining claim against Defendant Cheryl Ann Yara.

The Court concludes that the most just resolution of the discovery question is to stay discovery pending the resolution of the jurisdictional question. See Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc., 200 F.3d at 804. Now that the jurisdictional question has been resolved, the Court will set a scheduling conference and reset certain of the discovery deadlines not addressed in this Order.

**IT IS ORDERED** that Edwards-Flynn's Objections to [the Discovery] Orders (Doc. 29) is granted, and discovery is stayed until the Court otherwise orders and/or a scheduling conference is set. At the scheduling conference, the Court will order when Edwards-Flynn shall respond to the discovery requests that the City Defendants have already served on her, and in the scheduling order, the Court will order when she shall also make her initial disclosures under Rule 26. The City Defendants' Motion for Discovery Sanctions (Doc. 43) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Margaret D. Edwards-Flynn
Las Vegas, New Mexico

    *Pro Se Plaintiff*

Tony F. Ortiz
Christopher M. Grimmer
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Cheryl Ann Yara*