# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARGARET D. EDWARDS-FLYNN,

    Plaintiff,

vs.                                                  No. CIV. 08-0186 JB/ACT

CHERYL ANN YARA; MATTHEW SANDOVAL;
HENRY O. SANCHEZ; JOHN AVILA; CHUCK
GRIEGO; MICHAEL GALLEGOS; MACARIO
GONZALES; MORRIS MADRID; DIANE MOORE;
TONY MARQUES; EUGENE ROMERO; CRUZ
ROYBAL; AND LOUIE TRUJILLO, all in their
individual, personal, private and official capacities,
for actions committed while acting as public officers
and/or employees of the Machinery of Government of
the City of Las Vegas, New Mexico; and ERIC LETEY
and ED ZENDEL, each in their individual, personal,
private and official capacities, for actions committed
while acting as employees of the New Mexico Municipal
League, by and through the New Mexico Self-Insurers'
Fund; THE NEW MEXICO SELF-INSURERS' FUND;
THE NEW MEXICO MUNICIPAL LEAGUE;
FIFTEEN JANE DOES; and FIFTEEN JOHN DOES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) that part of Plaintiff Margaret D. Edwards-Flynn's Motion to Rescind Orders, filed March 9th & 31st, 2009, and Remand this Case to the State District Court, filed May 6, 2009 (Doc. 62)("Motion to Rescind"), which pertains to the Court's March 9, 2009 Memorandum Opinion and Order;[1] (ii) the Plaintiff's Motion to Demonstrate

---

[1] Plaintiff Margaret D. Edwards-Flynn improperly combined in a single document her two requests for rescinding the two separate Orders, in violation of the United States District Court for the District of New Mexico's Administrative Order No. 92-88, issued May 4, 1992. That Administrative Order requires all parties to submit separate motions for "each matter upon which adjudication or a ruling of the Court is sought," except that a party may plead in the alternative as

the Source of this Court's Lawfully Based Authority to Assume Jurisdiction, filed June 1, 2009 (Doc. 68)("Motion to Demonstrate"); (iii) the Plaintiff's Motion for Rule 54(b) Certificate for Interlocutory Appeal, filed July 1, 2009 (Doc. 85); and (iv) the Plaintiff's Query to the Court Regarding Motions Filed May 6th and June 1st, 2009, filed July 24, 2009 (Doc. 92). The Court has also considered Edwards-Flynn's (v) Objection to Memorandum Opinion and Order Filed March 9, 2009, filed April 6, 2009 (Doc. 58)("First Set of Objections"); (vi) Objections to Memorandum Opinion and Order Filed May 18, 2009, filed June 8, 2009 (Doc. 72)("Second Set of Objections"); and (vii) Objections in Part to Memorandum Opinion and Order Filed May 27, 2009, filed June 8, 2009 (Doc. 73)("Third Set of Objections").[2] The primary issues are (i) whether the Court should reconsider and vacate its Memorandum Opinions and Orders and remand Plaintiff Margaret D. Edwards-Flynn's case to state court for lack of jurisdiction because Edwards-Flynn asserts she has not requested, nor intends to request, relief for federal constitutional violations under 42 U.S.C. § 1983 or any other federal statute, even though she also asserts that she is not willing to abandon any claims or remedies for violation of her federal constitutional rights in order to obtain remand; and (ii) whether the Court should certify the issue of remand for an interlocutory appeal. Because

---

allowed by applicable rules or statutes, such as in a motion for summary judgment.

[2] When a Magistrate Judge on referral files proposed findings and recommendations for the presiding District Judge to consider before the District Judge issues an order disposing of a substantive motion, a party may file an "objection" to those recommendations, which the District Judge will consider before issuing a ruling. 28 U.S.C. § 636(b)(1)(C). Nothing in the federal rules, however, provides for filing "objections" to an order that the presiding District Judge has issued. If a party desires reconsideration of the Court's ruling that will result in the Court issuing an order, it must make a motion, thereby putting the opposing parties on notice that they need to respond. See Fed. R. Civ. P. 7(b)(1)("A request for a court order must be made by motion."). The Court has liberally construed Edwards-Flynn's "Objections" as motions for reconsideration to which the Defendants had no duty to respond. Therefore, the Court rejects Edwards-Flynn's arguments, see e.g., Doc. 72 at 4, that the Defendants "admit" to whatever she put in her "objections" solely because the Defendants did not respond to them.

the Court concludes that Edwards-Flynn has provided no sound basis for reconsideration of the Court's Memorandum Opinions and Orders refusing to remand the case and because the United States Court of Appeals for the Tenth Circuit has dismissed her interlocutory appeal, the Court will deny the motions.

**PROCEDURAL BACKGROUND**

In its Memorandum Opinion and Order filed March 9, 2009, the Court addressed in detail Edwards-Flynn's challenge that the Defendants had not properly removed her case from state court. The Court held that,

> because the Complaint on its face alleges that the Defendants' negligent or intentional actions that violated state election laws resulted in the deprivation of Plaintiff Margaret D. Edwards-Flynn's federal constitutional right to fairly run for public office, a federal question sufficient to invoke federal jurisdiction exists, and the Defendants were entitled to remove the case.

Memorandum Opinion and Order at 1-2 (Doc. 56)("March 9 MOO"). The Court carefully set out all of Edwards-Flynn's allegations and addressed all of her legal arguments, see id. at 2-5; id. at 14-18, including her central argument that she had alleged violations of only state law in her Complaint, and that she did not request relief for constitutional violations under 42 U.S.C. § 1983 or any other federal statute. In her First Set of Objections, Edwards-Flynn (i) complained that the Court issued an opinion during a time period she had informed the Court she would be out of town, see First Set of Objections at 1-2; (ii) challenged whether the presiding judges are "lawfully qualified to serve and render any decisions or orders in this Court" because the Clerk did not produce to her copies of the judges' Appointment Affidavits, oaths, and bonds, see id. at 2; (iii) contended that the Court's decision indicated to her that it was not "guarding or upholding Flynn's Constitutionally secured Rights," id. at 3; (iv) clarified that she was not "willing to withdraw or abandon any claims or remedies for violation of federal constitutional rights to obtain remand,"

id.; (v) characterized the Court's conclusion that seeking redress for violation of federal constitutional rights is a "federal claim" as an "illogical" legal conclusion that either was intended to hide a secret political agenda against her or was a result of the Defendants' counsel's improper personal influence on the presiding judge, id. at 4; and (vi) complained that the Court had left out the "salient point" that the Defendants had "defrauded" her by their actions in giving her wrong information and certifying her to run for public office in the wrong ward and then doing nothing to correct the error, id. at 6. Edwards-Flynn argued:

> when the Opinion stated that the Court *believes* that Plaintiff intended to allege a federal claim under 42 U.S.C. § 1983, even though Flynn expressly did not cite that statute in her Complaint or make any claims thereunder, the Court took unauthorized liberties to "interpret" plaintiff's ACTUAL, fact-based statements, and her intention to make only state-law claims, to misconstrue her statements and claims to mean something plaintiff did NOT state or intend. In doing so, the Court set aside the true nature and intent of plaintiff's Complaint and appears to have engaged in some sort of psychic divination or mind reading by presuming that the Court better knows what plaintiff "meant" to say than plaintiff, herself, does.

First Set of Objections at 7 (italics, underlining, and capitalizations in original). Edwards-Flynn contends that, because she deliberately did not "make a § 1983 'federal claim'" in her Complaint, it is impossible for her to voluntarily dismiss or withdraw something that does not exist. Id. at 12. She contends that she "deliberately did not invoke any federal statutes nor raise any federal question" because of the "abysmal manner in which Citizens . . . are routinely treated in federal courts." Id. at 13. Edwards-Flynn repeated the arguments for remand made in her briefing that the Court had considered in reaching its decision to deny her request for remand. See id. at 14-17.

      Edwards-Flynn later filed her Motion to Rescind, in which she incorporated her Objections. See Motion to Rescind at 2. She contends that the Court's statement that she had brought claims that the Defendants violated her rights under Article III of the United States Constitution was "incorrect," arguing that she had cited Article III of the U.S. Constitution only "to establish the state

4

court's jurisdiction under the Supreme Law of the Land, as expressed in the New Mexico Constitution, Art. II, Section One." Motion to Rescind at 4. She again contends that the Defendants "presented false claims for removal," and that she did not bring claims for violation of "Title 42; Section 1983; Civil Rights Act; civil rights; discrimination; due process under the 14th Amendment; [or] the New Mexico Tort Claims Act." Motion to Rescind at 5. Edwards-Flynn repeated the arguments made in her previous briefs and Objections, insisting that, under the well-pleaded complaint rule, for removal to be proper, the plaintiff must invoke a federal statute on the face of her complaint, which she purposefully had not done. See id. at 14-15.

On May 18, 2009, the Court issued a third Memorandum Opinion and Order granting the City Defendants' motion to dismiss in part.[3] See Memorandum Opinion and Order at 17 (Doc. 63) ("May 18 MOO"). The Court concluded that "Edwards-Flynn has stated a claim for retaliation in violation of her First Amendment right to political association under 42 U.S.C. § 1983 against City Defendant Cheryl Ann Yara;" that she had failed to state cognizable claims for violation of her federal constitutional rights against the other City Defendants; and that the New Mexico Tort Claims Act ("NMTCA") provided immunity from her state-law claims to all of the City Defendants. May 18 MOO at 2-3, 12. The Court explained that, because the "City Defendants, including Yara, were all acting within the scope of their duties with respect to Edwards-Flynn's state-constitution and state-election-code claims, . . . the NMTCA provides immunity for these claims." Id. at 12. The Court addressed Edwards-Flynn's arguments that the Defendants "misrepresented the 'nature and substance' of her claims in their motion to dismiss by 'inventing claims' under § 1983 that are not

---

[3] The "City Defendants" include Cheryl Ann Yara, Matthew Sandoval, Henry O. Sanchez, John Avila, Chuck Griego, Michael Gallegos, Macario Gonzales, Morris Madrid, Diane Moore, Tony Marques, Eugene Romero, Cruz Roybal, and Louie Trujillo.

in her Complaint," noting that "her Complaint requested $1,500,000 in money damages against the Defendants for 'deprivation of constitutionally guaranteed rights.'" Id. at 16.

On May 27, 2009, the Court issued a Memorandum Opinion and Order sustaining Edwards-Flynn's Objections to a discovery order issued by the Honorable Alan C. Torgerson, United States Magistrate Judge, who presided as the Magistrate Judge in this case, denied the Defendants' motion for discovery sanctions, and stayed discovery until the Court could hold a scheduling conference. See Memorandum Opinion and Order at 6 (Doc. 66).

Edwards-Flynn then filed her Motion to Demonstrate on June 1, 2009. In this motion, Edwards-Flynn asserts that she is a "sovereign entity" with the "Right to self-governance" under the New Mexico Constitution, and that she therefore has the "sovereign authority to choose to litigate this action, arising from violations of state law, in the jurisdiction and venue in which those violations occurred." Motion to Demonstrate at 2. Citing the seventeenth clause of Article I, § 8 of the United States Constitution, she contends that the Court's jurisdiction is limited to "areas in which Congress has *exclusive* legislative authority," and that, because neither the City of Las Vegas nor San Miguel County are "federal enclaves," Congress does not have exclusive jurisdiction over them and, therefore, this Court "does NOT have lawful jurisdiction, *of any kind*, over this removed case." Motion to Demonstrate at 2-3 (italics and capitalization in original). She "demands" that the Court either "prove . . . on what lawful basis it acquired its claimed jurisdiction" or remand the case to state court. Id. at 3-4.

Edwards-Flynn subsequently filed a "Notice" complaining that the Court issued Orders and mailed them to her home address during a period of time when she had informed the Court that she was "unavailable." Notice at 2, filed June 4, 2009 (Doc. 69). Edwards-Flynn defines being "unavailable" as being "out of state and unable to access her mail," and apparently believes that the

Court may not issue or mail Orders to parties if they have informed the Court that they are "unavailable." Id.[4]

On June 8, Edwards-Flynn filed "Objections" to the May 18, 2009 and May 27, 2009 Memorandum Opinions and Orders. See Second Set of Objections (Doc. 72) and Third Set of Objections (Doc. 73). In her objections to the May 18 MOO, Edwards-Flynn repeated the arguments made in other motions, notices, and objections, adding the argument that the Defendants, who bore the burden of establishing federal jurisdiction in their removal documents, had failed to meet their burden. See Second Set of Objections at 3-4 (contending that the "Court's assertion that plaintiff stated a § 1983 claim against defendant Yara or any other defendant is false and cannot be supported by the facts as stated in plaintiff's Complaint," and noting that "all of the arguments, stated above, have been presented by plaintiff in prior pleadings"). Edwards-Flynn further argued, without citation to any legal authority for support, that "'case law' [] is not *law*" and that only "[d]uly enacted laws made in compliance with . . . the Constitution . . . are *law*," and the "case law" cited in the Court's opinion was not valid. Second Set of Objections at 5 (italics in original). Without citing any legal authority, she further contends that the NMTCA is not "valid," that she

---

[4] When a party files a notice of unavailability, it has no legal effect. The Court often wonders why lawyers and parties file them, and Judge Browning, when he was a practicing lawyer for twenty years, did not file one. A notice of unavailability's only possible effect is to assist the Court in scheduling a trial or hearing at which the physical presence of the party and/or the party's counsel is required. The notice of unavailability does not affect or control the timing of the issuing of rulings or proscribe hearings at which a party may appear telephonically. If a party is out of town and does not receive mail at the address the party has given the Court, it is the party's responsibility to do whatever is necessary to check on the case, and obtain copies of any rulings or motions that are filed during the party's absence, and to timely respond to them or to request an extension of time. This task is made easier by the ability to electronically obtain all documents in the record from any place in the world that has internet access. A pro se party who wishes to participate in a particular action electronically may do so with the filing of a Pro Se Petition For Permission to File Electronically. See United States District Court of New Mexico CM/ECF Administrative Procedures Manual 3(b)(3)(B), at 2-3 (2006).

chose not to "restrict" herself with the limitations provided in the NMTCA, and that the NMTCA "pertains only to those who have acted within the lawful scope of their duties and authority and not outside them." Second Set of Objections at 6. She further argues that, because the Defendants did not "rebut" letters and an affidavit she mailed to them, they had admitted as true her claims and charges. Second Set of Objections at 9-10 (Doc. 72). In her Objections to the May 27, 2009 MOO, Edwards-Flynn again repeated most of these arguments. See Third Set of Objections (Doc. 73).

On June 15, 2009, Edwards-Flynn filed an interlocutory appeal from the Court's May 18, 2009 and May 27, 2009 MOOs. See Doc. 75. She subsequently filed an emergency motion to stay the proceedings in district court. See Doc. 82, filed June 25, 2009. On June 24, 2009, the Tenth Circuit tolled the briefing on the interlocutory appeal, informing Edwards-Flynn that the Court of Appeals could dismiss her appeal if she did not file either a final judgment or a certification under rule 54(b) of the Federal Rules of Civil Procedure within thirty days of its tolling order. See Doc. 84. Edwards-Flynn then filed a motion requesting certification of her interlocutory appeal under rule 54(b). See Doc. 85, filed July 1, 2009. Two weeks later, she filed a document entitled "Mandatory Judicial Notice and Citizen's Demand for Summary Remand and Vacation of all Prior Orders," again challenging the Court's rulings denying her motion to remand. See Doc. 88, filed July 15, 2009. In the Mandatory Notice, she repeated her arguments, but, for the first time, citing American Nat'l Red Cross v. S.G., 505 U.S. 247 (1992), in support of her position that the Court had unlawfully "tampered" with her Complaint by adding "magic words" to it and that she had the right to proceed in state court. See Mandatory Notice at 2-4 (Doc. 88).

The Court held a scheduling conference on July 16, 2009. On July 22, 2009, the Court issued an Order temporarily granting the Plaintiff's Emergency Motion for Stay, noting that it would "not be entering either a final judgment or a Rule 54(b) certification by July 24, 2009," and staying

discovery until the Tenth Circuit ruled on the Plaintiff's "attempt to appeal from the Court's interlocutory order." Doc. 89 at 2.  Edwards-Flynn again filed Objections to that Order, contending that she is entitled to a stay until the Supreme Court of the United States rules on a motion she filed in that Court and asserting that it was unfair for the Tenth Circuit to condition her appeal on certification from this Court.  See Objections at 1-3, filed July 24, 2009 (Doc. 91).  The Court issued a scheduling order on August 14, 2009, see Doc. 96, to which Edwards-Flynn objected on the grounds that the Court is forcing her to "prosecute a Title 42 claim she did not make," which she characterizes as a "gross violation[] of due process" and of her First Amendment rights, see Objections at 1, filed August 31, 2009 (Doc. 101).

The Tenth Circuit dismissed Edwards-Flynn's appeal on August 19, 2009.  See Doc. 100.  The United States Supreme Court denied Edwards-Flynn's petition for a writ of certiorari to the Supreme Court of New Mexico on October 5, 2009.  See Flynn v. Yara, No. 08-1489, 130 S. Ct. 116 (Oct. 5, 2009).

## STANDARDS FOR DECIDING A MOTION FOR RECONSIDERATION

Because Edwards-Flynn seeks reconsideration of non-final orders, her numerous motions for reconsideration are considered to be "interlocutory motion[s] invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991).  A motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments

9

that could have been raised in prior briefing." Id. (citation omitted).

## ANALYSIS

The Court has carefully reviewed all of Edwards-Flynn's arguments in the various motions and objections to the Court's March 9, 2009 MOO, and concludes that she has raised nothing indicating that the "court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012. The "magic words" language that Edwards-Flynn took from the dissenting opinion of the Supreme Court case she cited, see American Nat'l Red Cross v. S.G., 505 U.S. at 265, does not change the Court's view that it has federal-question jurisdiction over her Complaint. Her contention that case law is not "real" law is frivolous, as is her argument that the Court's jurisdiction is limited to areas or federal enclaves in which Congress has exclusive legislative authority. Edwards-Flynn continues to disagree that her Complaint raises a federal question sufficient to give the Court original jurisdiction over her claims and to allow removal of her case from state court. Edwards-Flynn will have the opportunity to raise her arguments on appeal to the Tenth Circuit when her final claim against Defendant Cheryl Yara is resolved either on summary judgment or by a jury. The Court will not again revisit that issue, or repeat the statutes and case law that it believes supports maintaining jurisdiction over Edwards-Flynn's case. Indeed, if Edwards-Flynn did not base her claim against Yara on 42 U.S.C. § 1983, she would have no remedy at all for what she alleges Yara did that resulted in a violation of her constitutional rights. Moreover, the Tenth Circuit has dismissed her interlocutory appeal. Accordingly, the Court will deny Edwards-Flynn's motion to certify the issue raised in that appeal.

**IT IS ORDERED** that (i) Plaintiff Margaret D. Edwards-Flynn's Motion to Rescind Orders and Remand Case (Doc. 62) is denied; (ii) her Motion to Demonstrate the Source of this Court's Lawfully Based Authority to Assume Jurisdiction (Doc. 68) is denied; (iii) her Motion for Rule

54(b) Certificate for Interlocutory Appeal (Doc. 85) is denied; (iv) her Query to the Court (Doc. 92) is denied; and (v) her three sets of Objections (Docs. 58, 72, and 73) are overruled.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Margaret D. Edwards-Flynn
Las Vegas, New Mexico

    *Pro Se Plaintiff*

Tony F. Ortiz
Christopher M. Grimmer
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendant Cheryl Ann Yara, Matthew Sandoval, Henry O. Sanchez, John Avila, Chuck Griego, Michael Gallegos, Macario Gonzales, Morris Madrid, Diane Moore, Tony Marquez, Eugene Romero, Cruz Roybal, and Louie Trujillo*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendants Eric Letey, Ed Zendel, New Mexico Self-Insurers' Fund, and New Mexico Municipal League*