Margaret D. Edwards Flynn
C/o 739 Dalbey Drive
Las Vegas, New Mexico [87701]
505-718-4305

November 27, 2009

By: Electronic Mail and United States Postal Service First Class Mail

Honorable James O. Browning
United States District Judge
United States District Court
For the District of New Mexico
333 Lomas Blvd. NW
Albuquerque, New Mexico

Re: Case No. 06:08-cv-00186-JB-ACT
    Margaret D. Edwards Flynn v. Cheryl Ann Yara

Dear Judge Browning:

    I have complied with the timelines set forth in your discovery Scheduling Order and, further, herein call to your immediate attention the attached Notice and Query to the Court, which I am mailing to the Court to be entered into the record. Please notify me, immediately, via electronic mail, whether you agree or disagree with my positions stated therein, since, as I have informed this Honorable Court, I am out of state until after June 2010.

Respectfully,

*Margaret D. Edwards Flynn* (signature)
Margaret D. Edwards Flynn, Plaintiff *Sui Juris*

With Attachment

Cc: By electronic mail and USPS to Messrs. Grimmer and Ortiz, Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

Margaret D. Edwards Flynn,

    Plaintiff,

vs.

Cheryl Ann Yara, et al.,

    Defendants.

Case No. 08-cv-00186 JB/ACT
State Court Case No. D-0412-CV-2007-724

## NOTICE AND QUERY TO COURT

**COMES NOW,** Margaret D. Edwards Flynn, Plaintiff, *Sui Juris,* as she has previously declared herself before this Court, and hereby submits this Judicial Notice and Query to the Court, as follows:

1. In the *Joint Status Report and Provisional Discovery Plan*, (JSR), entered by Defendant Yara, by and through counsel, on July 14, 2009, [Doc. 87], Defendant Yara stipulates to two things: (i) that she certified Flynn in Ward Two; (ii) that Flynn believed she lived in Ward Two when she declared her candidacy in Ward Two. Since Plaintiff Flynn's main charge against Defendant Yara is that Yara certified Flynn in the wrong ward, to which Yara has now stipulated, then, Yara admits to the fundamental charge, which initiated this longstanding lawsuit.

2. Plaintiff, in compliance with Judge Browning's *Scheduling Order*, entered August 14, 2009, [Doc. 96] and his *Order Adopting Joint Status Report and Provisional Discovery Plan*, also entered August 14, 2009, [Doc. 97], sent

      discovery documents to Defendant Yara, by and through her attorneys, via electronic mail and the United States Postal Service, on November 13, 2009. Plaintiff also mailed to the Court, on November 13th, a Notice to the Court regarding service of Interrogatories and Request for Admissions, with copies of these discovery documents attached, which the Court entered on the docket November 16, 2009, [Doc. 106].

3. Pursuant to Judge Browning's Initial Scheduling Order, entered June 18, 2009, [Doc. 77], the Scheduling Conference, held telephonically on July 16, 2009, the referenced JSR, Order Adopting the JSR, and Scheduling Order, Plaintiff received no discovery documents from Defendant Yara, by and through counsel.

4. Under Constitutional objections lodged by Plaintiff, for including, but not limited to, the lack of jurisdiction, proven on the record, Magistrate Judge, Alan C. Torgerson, vacated all original discovery proceedings, on May 27, 2008, [Doc. 32], when all Defendants originally named by Plaintiff were still parties to this case and none had been dismissed. Judge Browning upheld Plaintiff's Constitutional objections to discovery and denied Defendant Yara et al's motion seeking sanctions against Plaintiff for her refusal to participate in the original discovery proceedings, absent jurisdiction proven on the record.

5. Subsequent to the new discovery proceedings set forth under Judge Browning's referenced Initial Scheduling Order, no mention was made, no discussion took place, and no orders were issued by Judge Browning reinstating vacated discovery during the referenced Scheduling Conference.

The adopted final JSR specified nothing regarding any requirements for Plaintiff to answer vacated discovery documents, and Judge Browning's Scheduling Order did not require Plaintiff's answering vacated discovery.

6. Given the facts of record, at hand, Plaintiff has fulfilled her discovery obligations ordered by Judge Browning. In light of these facts, Plaintiff has no lawful requirement or obligation to answer vacated discovery. Plaintiff requests the Court notify her, one way or the other, whether it agrees or disagrees with her positions stated herein, and she further requests the Court's notification be sent immediately by electronic mail, since, as she has previously notified the Court, she is out of state until after June 2010.

Respectfully submitted,
All Rights Reserved,

*Margaret D. Edwards Flynn*

Margaret D. Edwards Flynn, Plaintiff, Sui Juris
C/o 739 Dalbey Drive
Las Vegas, New Mexico [87701]
505-718-4305

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice was sent via electronic mail to Defendants' attorneys, on this <u>27th day</u> of November, 2009, to the following email addresses:

Tony F Ortiz
tfo@santafelawyers.com; nmb@santafelawyers.com  and

Christopher M. Grimmer
cmg@santafelawyers.com

And by USPS, first class mail, to the following address:

3

Christopher M. Grimmer & Tony F. Ortiz
C/o Scheuer, Yost & Patterson, P.C.
P.O. Drawer 9570
Santa Fe, New Mexico 87504

All Rights Reserved,

*Margaret D. Edwards Flynn*
Margaret D. Edwards-Flynn

4