IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARGARET D. EDWARDS-FLYNN,

    Plaintiff,

vs.                                                                      No. CIV. 08-0186 JB/ACT

CHERYL ANN YARA; MATTHEW SANDOVAL;
HENRY O. SANCHEZ; JOHN AVILA; CHUCK
GRIEGO; MICHAEL GALLEGOS; MACARIO
GONZALES; MORRIS MADRID; DIANE MOORE;
TONY MARQUES; EUGENE ROMERO; CRUZ
ROYBAL; AND LOUIE TRUJILLO, all in their
individual, personal, private and official capacities,
for actions committed while acting as public officers
and/or employees of the Machinery of Government of
the City of Las Vegas, New Mexico; and ERIC LETEY
and ED ZENDEL, each in their individual, personal,
private and official capacities, for actions committed
while acting as employees of the New Mexico Municipal
League, by and through the New Mexico Self-Insurers'
Fund; THE NEW MEXICO SELF-INSURERS' FUND;
THE NEW MEXICO MUNICIPAL LEAGUE;
FIFTEEN JANE DOES; and FIFTEEN JOHN DOES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 8, 2010 (Doc. 130)("PF&RD"); and (ii) Plaintiff's Objection to Magistrate Judge Alan C. Torgerson's Proposed Findings and Recommended Disposition, filed March 22, 2010 (Doc. 134). Plaintiff Margaret Edwards-Flynn objects that the Honorable Alan C. Torgerson, United States Magistrate Judge's findings in the PF&RD are biased on behalf of Defendant Cheryl Ann Yara and against Edwards-Flynn. See Objection at 3. The Court has conducted a de novo review of the portions of the PF&RD to which Edwards-Flynn

objects and finds that the objections lack a sound basis in law or in the facts of this case. Accordingly, the Court will: (i) overrule her objections; (ii) adopt the PF&RD; and (iii) dismiss Edwards-Flynn's Complaint with prejudice.

## ANALYSIS

In its May 19, 2009 Memorandum Opinion and Order, the Court explained that "the right to fairly run for political office without being discriminated against based upon political beliefs or associations is protected by the First Amendment and the equal protection clause of the Fourteenth Amendment." Memorandum Opinion and Order at 7, filed May 19, 2009 (Doc. 63).[1] The Court did not dismiss Edwards-Flynn's claim against Yara, because it found that she had implicitly alleged that (i) she was engaged in constitutionally protected political activity; (ii) Yara's intentional actions had precluded her from fairly running for public office, which would chill a person of ordinary firmness from continuing to engage in that activity; and (iii) Yara's adverse action was substantially motivated as a response to Edwards-Flynn's exercise of her constitutionally protected right of political association. See id. at 12. Yara filed her motion for summary judgment on December 30, 2009. See Defendant Cheryl Ann Yara's Motion for Summary Judgment, filed December 30, 2010 (Doc. 111)("Motion for Summary Judgment"). In the PF&RD, Judge Torgerson recommends that the Court grant Yara's motion for summary judgment and dismiss Edwards-Flynn's Complaint with

---

[1] The Court also analyzed whether Edwards-Flynn's allegation that Yara's certification of Edwards-Flynn to run for office in the wrong ward had "deprived . . . [her] of Rights guaranteed to her in the federal and state Constitution, under which she is entitled to participate in a fair election," Complaint ¶ 39, at 18, constituted a deprivation of a property or liberty interest under the privileges-and-immunities clause or the due-process clause. See Memorandum Opinion and Order at 6-7. The Court found that "while the right to hold a particular political office is not a constitutionally protected property or liberty interest, the right to fairly run for political office without being discriminated against based upon political beliefs or associations is protected by the First Amendment and the equal protection clause of the Fourteenth Amendment." Memorandum Opinion and Order at 7.

prejudice.  Edwards-Flynn's objections to the PF&RD raise the following issues: (i) whether the Judge Torgerson properly considered the evidence in the PF&RD; and (ii) whether Edwards-Flynn has a federal claim that Yara's actions caused Edwards-Flynn to suffer an injury to her constitutionally protected right of political association.  Because Edwards-Flynn has not presented competent evidence which demonstrates that there is a genuine issue of material fact whether Yara intentionally violated Edwards-Flynn's constitutionally protected rights, summary judgment in favor of Yara is appropriate, and the Court will adopt Judge Torgerson's findings in the PF&RD.  Additionally, because Edwards-Flynn argues that she is not alleging that Yara violated her constitutionally protected right of political association -- the only federal claim the Court has previously found a fair reading of Edwards-Flynn's Complaint asserts -- the Court finds that dismissal of this case is appropriate.

I.  **THE COURT WILL ADOPT THE JUDGE TORGERSON'S FINDING THAT EDWARDS-FLYNN HAS NOT MET HER BURDEN TO DEMONSTRATE, WITH COMPETENT EVIDENCE, THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS FOR TRIAL.**

The Court noted in its May 19, 2009 Memorandum Opinion and Order that "[t]he questions of Yara's knowledge and discriminatory intent are for summary judgment or for a jury."  Id. at 13.  In Yara's motion for summary judgment, she addressed her knowledge and intent, and supported her arguments with her verified interrogatory answers and with the affidavit of Catherine Montano, which was attached to Edwards-Flynn's Complaint.  See Motion for Summary Judgment at 4; Exhibit 1 (Doc. 111-1); Exhibit 2 (Doc. 111-2).  In her verified answers to Edwards-Flynn's discovery requests, Yara states that she "did not deliberately or intentionally certify Flynn as a candidate for city counsel in the wrong ward," Exhibit 1, Answer to Interrogatory No. 15, at 11 (Doc. 111-1) and she explains that she relied upon Edwards-Flynn's statement as to where she

voted, which Yara states was a mistake, see id. In her answers to Edwards-Flynn's requests for admission, she states that she "was aware that Flynn was active in politics, however, she denie[d] that she was aware of Flynn's political views or affiliations." Exhibit 2, Answer to Request for Admission No. 6, at 5 (Doc. 111-2). In Montano's affidavit, her version of the exchange between Yara and Edwards-Flynn -- Yara asking Edwards-Flynn's address and asking where she votes -- corroborates Yara's answers to Edwards-Flynn's discovery requests, in which she explains that she relied on where Edwards-Flynn stated she voted to determine her ward. See Affidavit of Truth (executed February 9, 2006), filed February 20, 2008 (Doc. 1-3); Exhibit 1, Answer to Interrogatory No. 15, at 11 (Doc. 111-1). Judge Torgerson found that Yara met her burden of showing that there is no evidence that she intentionally violated Edwards-Flynn's constitutionally protected right of political association. See PF&RD at 6. Under rule 56(c) of the Federal Rules of Civil Procedure, Yara, as the moving party, has the initial responsibility to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Because Yara met her burden, the burden shifts to Edwards-Flynn to make a showing sufficient to establish that there is a genuine issue of material fact regarding "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

Judge Torgerson found that Edwards-Flynn did not meet her burden, and failed to establish a genuine issue of material fact whether "Yara knew of her political point of view, disagreed with it, and intentionally gave Edwards-Flynn erroneous information and deliberately certified her in the wrong ward." PF&RD at 6-7 (quoting the Court's May 18 Memorandum Opinion and Order at 13). Judge Torgerson also found that Edwards-Flynn provided only conclusory allegations of Yara's intent and did not provide competent evidence to establish a triable issue of fact. See PF&RD at 7-9.

Judge Torgerson, therefore, recommended that the Court grant summary judgment and dismiss Edwards-Flynn's Complaint. See PF&RD at 9-10.

Edwards-Flynn objects "to the Magistrate's proposed findings, to his recommended disposition of her case, to his apparent disregard for the factual support she presented regarding her claims, to his erroneous and unjust characterization of her Response, to his unsupported bias in favor of Defendant Yara, and to his numerous due process violations . . . ." Objection at 4. The Court has conducted a de novo review of the PF&RD to which Edwards-Flynn objects, and finds that her objections lack a sound basis in law or fact. The Court has reviewed the motion for summary judgment and Edwards-Flynn's response. In support of her motion for summary judgment, Yara attached the portions of the record supporting her facts -- the verified answers to Edwards-Flynn's discovery requests -- and directed the Court to Montano's affidavit, which was already in the record as an exhibit to Edwards-Flynn's verified Complaint. Judge Torgerson found that Edwards-Flynn's response consisted "of nothing more than conclusory allegations." PF&RD at 7. The Court reviewed Edwards-Flynn's response and found that she did not attach any competent evidence in support of her factual allegations in her response. The Court considered Edwards-Flynn's verified Complaint and her affidavits attached to her verified Complaint as a part of the record. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991)("The plaintiff's complaint may . . . be treated like an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury.")(citing Jaxon v. Circle K Corp., 773 F.2d 1138, 1139 (10th Cir. 1985)). Edwards-Flynn referenced the record in her response -- specifically, she properly referenced the exhibits to her verified Complaint -- but the evidence in the record to which she cites does not support many of her factual allegations. Edwards-Flynn argues in her response that Montano asked Yara to consult a city map to conclusively verify Flynn's correct ward and that Yara refused to do

so. See Response in Opposition to Defendant Cheryl Ann Yara's Motion for Summary Judgment at 5, filed January 15, 2010 (Doc. 115)("Response"). Montano's affidavit, however, does not support Edwards-Flynn's allegation and makes no reference to a request involving a map or Yara's refusal to do anything. See Affidavit of Truth at 1 (Doc. 1-3). Edwards-Flynn's affidavit, attached to her verified Complaint, makes no mention of Montano asking Yara to look at a map or Yara refusing. See Affidavit/Declaration of Truth of Margaret D. Edwards-Flynn at 7-9 (executed July 19, 2006), filed February 20, 2008 (Doc. 1-3).

Edwards-Flynn makes several allegations of what Yara knew, but makes no citations to competent evidence in the record to support her version of the facts. In her objections, Edwards-Flynn states several times that the reasons for Yara's actions are known only to Yara. See Objection at 12 ("The reasons why Yara wrongfully certified Flynn are speculative, known only to her."); id. at 16 ("Yara's actions are a matter of public record, and her reasons for committing them are known only to her."); id. at 26 ("However, this entire discussion is immaterial to the fact that Yara gave Flynn wrong ward information and certified her in that wrong ward. Yara's reasons for her actions are known only to her."). Yara made her reasons known to Edwards-Flynn in her sworn answers to Edwards-Flynn's interrogatories and requests for admission, but it appears that Edwards-Flynn does not accept Yara's admissions. See Objection at 4 (characterizing Yara's answers as "the unsupported statements made in her answers to discovery requests"). Any matter admitted in requests for admission is considered "conclusively established." Fed. R. Civ. P. 36. Answers to interrogatories may also be used as evidence, to the extent the Federal Rules of Evidence allow. See Fed. R. Civ. P. 33. Thus, the only direct evidence in the record of Yara's intent are Yara's answers to Edwards-Flynn's discovery requests that she made a mistake, that she was aware that Edwards-Flynn was active in politics but was unaware of Edwards-Flynn's political views or

affiliations, and that she did not intentionally take any actions against Edwards-Flynn. See Exhibit 1, Answers to Interrogatory Nos. 15 & 19 at 10-14 (Doc. 111-1); Exhibit 2, Answers to Request for Admission Nos. 1, 6 & 25, at 2, 4, 14-15 (Doc. 111-2). Edwards-Flynn also makes numerous references to the state court proceedings, but has not submitted any transcripts or other documentation of the proceedings, beyond her own characterizations in her verified Complaint, affidavit, and in her briefs of her recollections regarding the testimony of witnesses and the statements of the Honorable Eugenio S. Mathis, Fourth Judicial District Judge. See Thomas v. IBM, 48 F.3d 478, 485 (10th Cir. 1995)(stating that "hearsay that would be inadmissible at trial may not be included in an affidavit to defeat summary judgment because a third party's description of a witness' supposed testimony is not suitable grist for the summary judgment mill."). For Edwards-Flynn to overcome a motion for summary judgment, she may not "rest on mere allegations," but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 902 (1990)("[C]onclusory allegations unsupported by specific evidence will be insufficient to establish a genuine issue of fact."); Treviso v. Adams, 455 F.3d 1155, 1160 (10th Cir. 2006)("Absent deposition testimony or other competent evidence of what occurred, it was incumbent upon these plaintiffs to provide -- at the very least -- affidavits detailing what happened to them."). The Court has reviewed the record, including Edwards-Flynn's verified Complaint and her affidavit, and agrees with the Judge Torgerson's finding that "Edwards-Flynn fails to create an issue of triable fact that Defendant 'Yara knew of Edwards-Flynn's political point of view, disagreed with it, and intentionally gave Edwards-Flynn erroneous information and deliberately certified her in the wrong ward.'" PF&RD at 6-7 (quoting the Court's May 19, 2009 Memorandum Opinion and Order at 13). Edwards-Flynn has not presented competent evidence demonstrating that a genuine issue of material fact exists for trial

whether Yara's actions were deliberate and whether she acted in retaliation of Edwards-Flynn's right of political association.

The Supreme Court and the Tenth Circuit have held that discriminatory intent can be shown by circumstantial evidence. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)(setting forth a burden-shifting framework for establishing discriminatory animus through circumstantial evidence); Hysten v. Burlington N. Santa Fe Ry. Co., 530 F.3d 1260, 1268 (10th Cir. 2008)(stating that "evidence of retaliatory intent is frequently circumstantial in nature" and applying the McDonnell Douglas burden-shifting framework); Johnson v. Weld County, No. 08-1365, 2010 U.S. App. LEXIS 2595, at *5 (10th Cir. Feb. 8, 2010)(stating that, in a Title VII claim, direct or circumstantial evidence can suffice to defeat summary judgment). Although the Court is uncomfortable with determining Yara's intent as a matter of law, it is Edwards-Flynn's obligation to bring forth competent evidence that Yara acted deliberately and intentionally. The Court has carefully looked at the circumstantial evidence that Edwards-Flynn sets forth in her briefing on her objections: (i) "Yara claims her wrongful certification of Flynn was a 'mistake,' but provides no proof that it was a mistake," Objection at 7; and (ii)

> Yara in her sworn testimony given under questioning from Judge Mathis admitted she knew the ward boundaries on Dalbey Drive, yet still certified Flynn in the wrong ward, despite the fact that Flynn, on two occasions, tried to elicit from Yara the correct ward. Yara's own admissions strongly indicate that her wrongful certification of Flynn was intentional.

Objection at 7. Although Edwards-Flynn did not provide the Court with the transcript of the testimony before Judge Mathis, the Court considered Edwards-Flynn's characterization of Yara's testimony in her verified Complaint and her affidavit. Edwards-Flynn contends that Yara's statement to Judge Mathis that, looking at a ward boundary map, she could determine what ward a candidate is in, "proves the complete veracity of plaintiff's statements and charges against Yara."

Complaint ¶ 34, at 15. Edwards-Flynn also states that Yara testified that Dalbey Drive, the street where Edwards-Flynn resides, is a split ward -- the south side is in Ward One and the north side is in Ward Two -- and argues that, because Yara knew this situation, she purposefully gave false information to Edwards-Flynn when she told her she lived in Ward Two not in Ward One. See Complaint ¶ 34, at 15. The Court does not believe that a reasonable jury could infer, from Yara's testimony to Judge Mathis that she knows how to read the ward boundary map and that Dalbey Drive is a split ward, that she intentionally certified Edwards-Flynn in the wrong ward. Rather, a reasonable jury would likely infer that, if Yara had consulted the boundary map, she would not have made a mistake about Edwards-Flynn's ward. Yara explained in her answers to Edwards-Flynn discovery how Yara mistakenly gave Edwards-Flynn incorrect information about her ward:

> Yara believed that she was verifying Flynn's ward of residency when she asked Flynn where she voted. Yara had asked this question to many candidates for municipal election in the past when there was any doubt as to the candidate's ward for residency and never had a problem. Yara relied upon Flynn's statement that she voted at the Legion Park Elementary School when she certified Flynn as a candidate for city counsel in Ward Two. Yara acknowledges now that her reliance upon Flynn's statement as to where she voted was a mistake and that the mistake led to Flynn being certified as a candidate in the wrong ward. Yara did not deliberately or intentionally certify Flynn as a candidate for city counsel in the wrong ward.

Exhibit 1, Answer to Interrogatory No. 15, at 11. Yara's explanation that she relied on Edwards-Flynn's voting location for her determination, because Edwards-Flynn told her she lived on Dalbey Drive -- a split ward, supports the reasonable inference a jury could make that, if she had double-checked Edwards-Flynn's address on a ward map, she would have realized her mistake. The evidence does not support, however, a reasonable inference that Yara intentionally gave Edwards-Flynn incorrect information. The Court further finds that Edwards-Flynn has not offered any other competent circumstantial evidence from which a reasonable jury could find that Yara acted intentionally. Because Edwards-Flynn failed to meet the requirements of rule 56, summary

judgment is appropriate, and the Court therefore will adopt the Judge Torgerson's finding in the PF&RD.

## II. EDWARDS-FLYNN HAS NO CONSTITUTIONAL CLAIM OTHER THAN YARA'S DISCRIMINATION BASED UPON POLITICAL BELIEF OR ASSOCIATION IN VIOLATION OF EDWARDS-FLYNN'S FIRST AND FOURTEENTH AMENDMENT RIGHTS.

Edwards-Flynn argues that Yara certified her in the wrong ward, "which resulted in deprivation of Flynn's Constitutionally secured Rights, from which all other charges stem." Objection at 1-2. Edwards-Flynn objects that her claim against Yara is not based on 42 U.S.C. § 1983 and thus she has no burden to show evidence of a genuine issue of material fact as to that claim. See Objection at 11 ("Flynn's Complaint cited deprivation of her Constitutionally secured Rights under violations of state law by Yara and other Defendants, now dismissed. Flynn did not make a § 1983 claim in her Complaint, which any just review thereof by an objective party will quickly demonstrate."). The Court has, on multiple occasions, addressed Edwards-Flynn's argument that her claim for deprivation of her constitutional rights is not a claim under § 1983. In its January 26, 2010 Memorandum Opinion and Order, the Court explained:

> Edwards-Flynn continues to disagree that her Complaint raises a federal question sufficient to give the Court original jurisdiction over her claims and to allow removal of her case from state court. Edwards-Flynn will have the opportunity to raise her arguments on appeal to the Tenth Circuit when her final claim against Defendant Cheryl Yara is resolved either on summary judgment or by a jury. The Court will not again revisit that issue, or repeat the statutes and case law that it believes supports maintaining jurisdiction over Edwards-Flynn's case. Indeed, if Edwards-Flynn did not base her claim against Yara on 42 U.S.C. § 1983, she would have no remedy at all for what she alleges Yara did that resulted in a violation of her constitutional rights.

Memorandum Opinion and Order at 10, filed January 26, 2010 (Doc. 118). Edwards-Flynn has raised the same arguments in her objection to the PF&RD. She further argues: "Plaintiff made no claims to the effect that Yara disagreed with Flynn's political views or associations," Objection at

-10-

12, and states: "As previously stated, Plaintiff made no claim that Yara's actions were predicated upon Flynn's political positions," Objection at 25. Edwards-Flynn contends that she is not required to support the allegation that Yara was discriminating or retaliating against her based on her political views, because she did not make that allegation. See Objection at 27. The Court fully analyzed in its May 18, 2010 Memorandum Opinion and Order, whether Edwards-Flynn had stated a claim for deprivation of her constitutional rights. The Court explained:

> [W]hile the right to hold a particular political office is not a constitutionally protected property or liberty interest, see [Snowden v. Hughes, 321 U.S. at 7], the right to fairly run for political office without being discriminated against based upon political beliefs or associations is protected by the First Amendment and the equal protection clause of the Fourteenth Amendment, see Ill. State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 184 (1979)(holding that the state must have a compelling state interest to restrict ballot access by statutory requirements because, "[b]y limiting the choices available to voters, the State impairs the voters' ability to express their political preferences"). Thus, allegations that a state officer or agency purposefully kept a candidate from running for public office by violating state election laws or imposing discriminatory ballot restrictions because the officer disagreed with the candidate's political views states a cause of action for violation of the First Amendment and of the equal-protection component of the Fourteenth Amendment. See Anderson v. Celebrezze, 460 U.S. 780, 786-87 n.7 & n.8 (1983)(noting that in previous election cases, "applying the 'fundamental rights' strand of equal protection analysis, [the Supreme Court had] identified the First and Fourteenth Amendment rights implicated by restrictions on the eligibility of voters and candidates").

Memorandum Opinion and Order at 7-8 (Doc. 63). The Court found that:

> The basis of the Court's determination that it has subject-matter jurisdiction over Edwards-Flynn's suit is that, even though she did not cite § 1983 as a basis for her right to relief, her Complaint alleges that Yara, a state actor, intentionally certified Edwards-Flynn to run for city councilor in the wrong ward because Yara did not agree with Edwards-Flynn's political views, thereby defeating Edwards-Flynn's ability to fairly run for public office in the correct ward, which violated her federal constitutional rights. By alleging that (i) Edwards-Flynn was engaged in constitutionally protected political activity; (ii) Yara's intentional actions caused Edwards-Flynn to suffer an injury -- preclusion from fairly running for public office -- which would chill a person of ordinary firmness from continuing to engage in that activity; and (iii) Yara's adverse action was substantially motivated as a response to Edwards-Flynn's exercise of her constitutionally protected right of political

association, Edwards-Flynn has stated a cognizable claim for violation of § 1983.

Id. at 12.  This claim is Edwards-Flynn's only possible viable federal constitutional claim.  If she refuses to submit evidence to meet her ultimate burden of proving that Yara knew of her political point of view, disagreed with it, and intentionally gave her erroneous information and deliberately certified her in the wrong ward, then summary judgment for Yara is appropriate.  The Tenth Circuit requires a plaintiff "to present competent evidence -- whether direct or circumstantial -- showing a basis from which a reasonable jury could find the defendant liable."  Regan-Touhy v. Walgreen Co., 526 F.3d 641, 653 (10th Cir. 2008).

**IT IS ORDERED** that (i) the Magistrate Judge's Proposed Findings and Recommended Disposition is adopted; (ii) Plaintiff's Objection to Magistrate Judge Alan C. Torgerson's Proposed Findings and Recommended Disposition is overruled; (iii) Defendant Cheryl Ann Yara's Motion for Summary Judgment is granted as to all remaining claims against her; and (iv) Plaintiff Margaret Edwards-Flynn's Complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties*:

Margaret D. Edwards-Flynn
Las Vegas, New Mexico

    *Pro Se Plaintiff*

Tony F. Ortiz
Christopher M. Grimmer
Scheuer, Yost & Patterson, P.C.
Santa Fe, New Mexico

    *Attorneys for Defendants Cheryl Ann Yara, Matthew Sandoval, Henry O. Sanchez, John Avila, Chuck Griego, Michael Gallegos, Macario Gonzales, Morris Madrid, Diane Moore, Tony Marquez, Eugene Romero, Cruz Roybal, and Louie Trujillo*

Michael W. Brennan
Brennan & Sullivan, P.A.
Santa Fe, New Mexico

> *Attorneys for Defendants Eric Letey, Ed Zendel, New Mexico Self-Insurers' Fund, and New Mexico Municipal League*